## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROBERT M. MAPLES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CV-0091-CVE-CDL** |
| | ) | |
| **RICK WHITTEN,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

### OPINION AND ORDER

Petitioner Robert Maples, a state inmate appearing <u>pro se</u>,[2] filed an amended 28 U.S.C.

§ 2254 petition for writ of habeas corpus (Dkt. # 4) on March 1, 2021,[3] seeking federal habeas relief

from the judgment and sentence entered against him in the District Court of Mayes County, Case No.

CF-2014-170.  Respondent Rick Whitten moves to dismiss the amended petition, alleging that

Maples failed to file it within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, and, in the

---

[1]    Maples is incarcerated at the North Fork Correctional Center (NFCC).  Pursuant to FED. R. CIV. P. 25(d), the Court substitutes Rick Whitten, the NFCC's current warden, in place of Jimmy Martin, the NFCC's former warden, as party respondent.  The Clerk of Court shall note this substitution on the record.

[2]    Because Maples appears without counsel, the Court liberally construes his pleadings but the Court does not assume the role of his advocate.  <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005); <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3]    Maples filed a handwritten petition (Dkt. # 1) on March 1, 2021, asserting one claim.  In an order (Dkt. # 2) filed March 10, 2021, the Court directed Maples to file an amended petition on the court-approved form, as required by the Court's local rules of civil procedure.  Maples filed an amended petition (Dkt. # 4) on March 25, 2021, raising the same claim he identified in the original petition, and the Court declared moot the original petition, <u>see</u> Dkt. # 5, at 2. Because both petitions assert the same claim and the Court directed the filing of the amended petition only to cure Maples's failure to use the required form, the Court deems the amended petition filed on March 1, 2021.

alternative, that Maples failed to exhaust available state remedies, as required by 28 U.S.C. § 2254(b)(1)(A). Having considered the amended petition and brief in support (Dkt. # 7),[4] Whitten's motion to dismiss (Dkt. # 8) and brief in support (Dkt. # 9), and Maples's response (Dkt. # 10) in opposition to the motion,[5] the Court grants Whitten's motion and dismisses the amended petition, with prejudice, as barred by the one-year statute of limitations.[6]  As a result of the dismissal, the Court denies as moot Maples's motion for bail (Dkt. # 11).[7]

## I.

On November 3, 2014, Maples, represented by counsel and pursuant to a negotiated plea agreement, pleaded guilty as to one count of sexually abusing a child under the age of 12.  Dkt. # 9-1 (judgment and sentence); Dkt. # 9-2 (written plea agreement).   In accordance with the plea agreement, the trial court imposed a 25-year prison sentence.  Dkt. ## 9-1, 9-2.  Maples did not move to withdraw his plea or file a certiorari appeal to obtain direct review of his judgment and sentence.

---

[4]     Maples filed a "supplement" to the amended petition (Dkt. # 7) on April 26, 2021, which the Court liberally construes as a brief in support of the amended petition.

[5]     On May 19, 2021, nine days after Whitten moved to dismiss the amended petition, Maples filed a "motion for summary judgment with accompanying brief" (Dkt. # 10). The motion primarily reasserts merits arguments raised in the amended petition and brief in support but also appears, in part, to respond to Whitten's dismissal motion.  The Court therefore construes the motion for summary judgment, in part, as a response in opposition to the motion to dismiss.  To the extent the motion for summary judgment (Dkt. # 10) could be reasonably construed, in part, as a request for summary judgment, the motion is denied because, as further discussed below, the sole claim raised in the amended petition is untimely.

[6]     Because the Court concludes that the amended petition is barred by the statute of limitations, the Court declines to address Whitten's alternative argument for dismissal based on Maples's alleged failure to exhaust available state remedies.

[7]     Whitten filed a response (Dkt. # 12) in opposition to the motion for bail on September 13, 2021.

Dkt. # 4, Am. Pet., at 2; Dkt. # 9-5, at 1 (state district court order); Dkt. # 9-6 (criminal docket

sheet).[8]

On October 31, 2019, nearly five years after he was sentenced pursuant to his guilty plea,

Maples filed an application for postconviction relief (Dkt. # 9-3) in state district court. He filed a

second application for postconviction relief (Dkt. # 9-4) in state district court on November 27, 2019.

In both applications, Maples claimed that he should have been prosecuted in federal or tribal court

because he is Native American and he committed his crime in Indian country. Dkt. ## 9-3, 9-4. The

state district court denied both applications on July 6, 2020. Dkt. # 9-5, at 1. The state district court

acknowledged that Maples was asserting a challenge to the trial court's subject-matter jurisdiction

under the holding and rationale of Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017), noted that the

Murphy decision was not final because the United States Supreme Court granted the petition for writ

of certiorari filed in that case by the State of Oklahoma ("the state"), and denied relief on the merits

of Maples's claim, reasoning that "the prosecution of [Maples's] crimes . . . is a justiciable matter"

and that the Oklahoma Constitution gives state district courts "unlimited original jurisdiction of all

justiciable matters in Oklahoma." Dkt. # 9-5, at 1-2.

On July 9, 2020, three days after the state district court denied Maples's applications for

postconviction relief, the Supreme Court issued two decisions related to his claim. In McGirt v.

Oklahoma, 140 S. Ct. 2452, 2479-82 (2020), the Supreme Court held that Congress never

disestablished the Muscogee (Creek) Nation Reservation and, as a result, the land within the

boundaries of that reservation is Indian country and certain crimes committed by or against Native

Americans within those boundaries must be prosecuted in federal court under 18 U.S.C. §§ 1152 and

---

[8]      For consistency, the Court's citations refer to the CM/ECF header pagination.

1153.  In Sharp v. Murphy, 140 S. Ct. 2412 (2020), the Supreme Court relied on its decision in

McGirt to summarily affirm the Tenth Circuit's decision in Murphy v. Royal, a decision wherein the

Tenth Circuit reached the same conclusion regarding the continued existence of the Muscogee

(Creek) Nation Reservation.  Murphy, 875 F.3d at 937, 966.

Under state law, Maples had 30 days from the date of the state district court's decision

denying his applications for postconviction relief, or until August 5, 2020, to perfect a postconviction

appeal.  OKLA. STAT. tit. 22, § 1087.  Maples did not file a postconviction appeal.  Dkt. # 9-6

(criminal docket sheet).

Maples commenced this federal habeas action on March 1, 2021, and he identifies only one

claim in the amended petition.  Relying on McGirt, he alleges that he is being held in state custody

in violation of the United States Constitution and federal law because the state lacked jurisdiction

over his criminal prosecution given that he is Native American and that he committed his crime of

conviction within the boundaries of the Cherokee Nation Reservation.  Dkt. # 4, Am. Pet., at 5-6;

Dkt. # 7, Pet'r's Br., at 5-6; Dkt. # 10, Resp., at 1-5.

Whitten urges the Court to dismiss the amended petition, arguing, in part, that Maples failed

to file it within the applicable one-year statute of limitations, as provided in 28 U.S.C. § 2244(d)(1).

Dkt. ## 8, 9.

**II.**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one

year from the date of the latest of four triggering events in which to file a federal habeas petition.

28 U.S.C. § 2244(d)(1). Specifically, "[t]he limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Regardless of which provision applies, the one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). To obtain the benefit of statutory tolling, the application for postconviction relief or other request for collateral review must be "properly filed" in accordance with state law procedural filing requirements, Artuz v. Bennett, 531 U.S. 4, 8 (2000), and must be filed within the applicable one-year limitation period, Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

In rare circumstances, the one-year limitation period may be tolled for equitable reasons. Holland v. Florida, 560 U.S. 631, 645 (2010); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To obtain equitable tolling, a petitioner must identify "specific facts" showing (1) that the petitioner diligently pursued his or her federal claims and (2) that extraordinary circumstances prevented the petitioner from filing a timely federal habeas petition. Holland, 560 U.S. at 649. The Supreme Court has also recognized an equitable exception to the AEDPA's statute of limitations. In McQuiggin v. Perkins, 569 U.S. 383, 392 (2013), the Supreme Court held that a federal habeas court

can overlook a petitioner's failure to comply with the one-year statute of limitations if the petitioner makes "a credible showing of actual innocence." To show that this exception applies, the petitioner must "demonstrate 'that more likely than not any reasonable juror would have reasonable doubt'" about the petitioner's guilt. Fontenot v. Crow, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting House v. Bell, 547 U.S. 518, 538 (2006)). This generally "requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Fontenot, 4 F.4th at 1031 (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Because Perkins's equitable exception is a more specific application of the miscarriage-of-justice-exception, "actual innocence" means "factual innocence." See Fontenot, 4 F.4th at 1029-30 (discussing the actual-innocence exception).

### III.

On the record presented, the Court agrees with Whitten that the amended petition is untimely under § 2244(d)(1)(A).[9] Applying § 2244(d)(1)(A), Maples's conviction became final on November 13, 2014, ten days after his sentencing hearing, when the time expired for Maples to move to withdraw his guilty plea. See Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must timely

---

[9]     In his response to the motion to dismiss, Maples appears to contend that because he can show that the state district court's rejection of his claim was "contrary to" clearly established federal law, a showing he must make as a precondition to obtaining relief on the merits of his claim, see 28 U.S.C. § 2254(d)(1), he can also show that he can "overcome the statutory time constraints." Dkt # 10, Resp., at 5. If Maples is arguing that a claim with potential merit can never be barred by the one-year statute of limitations, he is mistaken. The AEDPA's one-year statute of limitations is an affirmative defense that may be asserted when a state prisoner seeks federal habeas relief from an allegedly unconstitutional conviction or sentence. Once asserted, the Court must consider the statute-of-limitations defense as a threshold matter, without regard to whether any of the petitioner's claims may have merit.

move to withdraw guilty plea if defendant intends to file a certiorari appeal).  Maples's one-year

limitation period commenced the next day, November 14, 2014, and, absent any tolling events,

expired one year later, on November 16, 2015.[10]  Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th

Cir. 2011); United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003).  Because Maples did not

file his first application for postconviction relief in state district court until October 31, 2019, he

cannot benefit from statutory tolling.  Clark, 468 F.3d at 714.  Thus, the amended petition filed on

March 1, 2021, more than five years after Maples's one-year limitation period expired, is untimely

under § 2244(d)(1)(A).

## IV.

Having carefully considered Maples's arguments, the Court also agrees with Whitten that

Maples fails to show that his one-year limitation period commenced at a later date under any other

provision of § 2244(d)(1).  Applying the rule of liberal construction, the Court discerns only two

potential arguments for a later commencement date.

First, Maples appears to contend that his one-year limitation period commenced at a later date

under § 2244(d)(1)(B).  Under § 2244(d)(1)(B), the one-year limitation period begins to run on the

date on which an "impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing by

such State action."  For this provision to apply, the petitioner must show (1) that the state took some

action in violation of the Constitution or federal law and (2) that the state's action rendered the

petitioner "incapable" of filing a federal habeas petition until after the impediment was removed.

---

[10]    The one-year limitation period would have expired on November 14, 2015, but because that
was a Saturday, Maples had until the following Monday, November 16, 2015, to file a timely
federal habeas petition.  FED. R. CIV. P. 6(a)(1)(C).

Garcia v. Hatch, 343 F. App'x 316, 319 (10th Cir. 2009) (unpublished).[11]  Section "2244(d)(1)(B)

typically applies when the state thwarts a prisoner's access to the courts, for example, by denying

an inmate access to his legal materials or a law library." Aragon v. Williams, 819 F. App'x 610, 613

(10th Cir. 2020) (unpublished).  But "the state-created impediment must have actually prevented the

inmate from filing his application."  Id. (citing Garcia, 343 F. App'x at 318).  In the amended

petition, Maples states: "I have been under lockdown by the NFCC for the Covid and therefore

unable, due to the states Impediments; see page 15 of this document.  The State prison of NFCC has

prevented me from filing by keeping me in lockdown and not letting me have access to law library."

Dkt. # 4, Am. Pet., at 8.  He further alleges that he has not "had any availability to the court records

to file, or check [his] records of the state due to state impediments."  Dkt. # 4, Am. Pet., at 9.  Even

accepting these allegations as true, the Court concludes that § 2244(d)(1)(B) does not apply.  As

previously discussed, Maples's conviction became final in 2014, and he did not seek relief in state

court on the sole claim raised in the amended petition until 2019.  Maples fails to explain how the

state violated the Constitution by imposing Covid-19-related restrictions on his access to the law

library or how those restrictions—that most likely were not present until sometime after March

2020—or his lack of access to state court records rendered him incapable of filing a federal habeas

petition until March 2021.  In fact, it is more likely that Maples's experienced Covid-19-related

restrictions between March 2020 and March 2021; yet, this did not prevent him from filing both the

original petition and the amended petition in March 2021.  Moreover, Maples does not identify when

or if the alleged "impediments" were removed, thereby requiring this Court to speculate as to the

---

[11]     The Court cites this unpublished decision, and other unpublished decisions herein, as
         persuasive authority.  See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

date that Maples one-year limitation period might have commenced under § 2244(d)(1)(B). For these reasons, the Court concludes that § 2244(d)(1)(B) does not provide Maples a later commencement date for his one-year limitation period.

Second, to the extent Maples's reliance on McGirt to support his claim that the state lacked jurisdiction over his criminal prosecution could be reasonably construed as invoking § 2244(d)(1)(C), the Court concludes that this provision also does not apply. Under § 2244(d)(1)(C), the one-year limitation period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if [1] the right has been newly recognized by the Supreme Court and [2] made retroactively applicable to cases on collateral review." As previously discussed, the McGirt Court determined that because Congress did not disestablish the Muscogee (Creek) Nation Reservation, the land within the boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and Native Americans who commit major crimes, as defined in 18 U.S.C. § 1153(a), within the boundaries of the Muscogee (Creek) Nation Reservation are subject to prosecution in federal court rather than state court. McGirt, 140 S. Ct. at 2459-60, 2474-76. Critically, McGirt's holding was limited to the Muscogee (Creek) Nation Reservation. See 140 S. Ct. at 2479 ("Each tribe's treaties must be considered on their own terms, and the only question before us concerns the Creek."). But Maples contends that the state lacked jurisdiction to prosecute him for crimes committed on the Cherokee Nation Reservation. Even if the Court were to overlook this distinction, the Court agrees with Whitten that the McGirt Court "did not recognize a new constitutional right" when it relied on clearly established Supreme Court precedent to determine that the Muscogee (Creek) Reservation created long ago by treaties has never been disestablished. Dkt. # 9, Resp't's Br., at 11-12; see McGirt, 140 S. Ct. at 2459 ("Today we are asked whether the land

these treaties promised [to the Creek Nation] remains an Indian reservation for purposes of federal criminal law."); id. at 2462-63 (drawing principles for disestablishment analysis from several existing Supreme Court cases).  For these reasons, the Court concludes that § 2244(d)(1)(C) does not provide Maples a later commencement date for his one-year limitation period.

<strong>V.</strong>

Lastly, the Court finds no basis to grant equitable tolling of, or an equitable exception to, the one-year limitation period.  It is not clear that Maples requests equitable tolling of the one-year limitation period that commenced in November 2014.  But even if this Court generously reads Maples's arguments regarding limitations on his access to the law library as suggesting that extraordinary circumstances stood in his way and prevented him from filing a timely federal habeas petition, Maples has not met his burden to demonstrate that equitable tolling is warranted.  As previously discussed, the alleged restriction on his access to the law library did not arise until well after Maples's one-year limitation period expired in November 2015.  And Maples did not file his first application for postconviction relief in state district court until October 2019.  On these facts, Maples cannot demonstrate that he diligently pursued his federal habeas claim or that extraordinary circumstances beyond his control prevented him from filing a timely federal habeas petition. Holland, 560 U.S. at 649.  Thus, to the extent Maples requests equitable tolling, the record does not support his request.

In response to the motion to dismiss, Maples also asserts that he "could have proven his innocence by being tried in a court of the correct Jurisdiction" because both he and the victim "were of the Western Cherokee Nation by blood." Dkt. # 10, Resp., at 5.  This assertion merely repackages his claim that his conviction was obtained in violation of his right to due process because the state

lacked jurisdiction over his criminal prosecution.  Even with the benefit of liberal construction, the Court cannot construe this assertion as presenting a credible claim of actual, i.e., factual innocence. Thus, to the extent Maples seeks application of Perkins's equitable exception, that exception does not apply.

In short, Maples has not demonstrated that the amended petition should be deemed timely for equitable reasons.

## VI.

Based on the foregoing, the Court grants Whitten's motion and dismisses the amended petition, with prejudice, as barred by the one-year statute of limitations.  As a result of the dismissal, the Court denies as moot Maples's motion for bail (Dkt. # 11).  In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the amended petition.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.   The Clerk of Court shall note the substitution of Rick Whitten in place of Jimmy Martin as party respondent.

2.   Respondent's motion to dismiss (Dkt. # 8) is **granted**.

3.   The amended petition for writ of habeas corpus (Dkt. # 4) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

4.   To the extent the motion for summary judgment (Dkt. # 10) could be reasonably construed, in part, as a request for summary judgment, the motion is **denied**.

5.   The motion for bail (Dkt. # 11) is **denied as moot**.

6.      A certificate of appealability is **denied**.

7.      A separate judgment shall be entered in this matter.

**DATED** this 17th day of September, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE